Filed 11/3/25  P. v. Howard CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085674 |
| v. | (Super.Ct.No. RIF1401619) |
| ALBERT HOWARD III, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge. Affirmed.

Albert Howard III, in pro. per., for Defendant and Appellant.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Albert Howard III appeals from a resentencing order made by the Riverside County Superior Court following a Penal Code section 1172.75 hearing.[1]  We will affirm.

## BACKGROUND

In 2014, a jury found defendant guilty of residential burglary (§ 459, count 1) and felony vandalism of more than $400 (§ 594, subd. (b)(1), count 2).  Defendant admitted suffering seven prior strike convictions (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)), one prior serious felony conviction (§ 667, subd. (a)), and two prison priors (§ 667.5, subd. (b)).

After denying defendant's *Romero* motion to dismiss six of his seven prior strikes,[2] the trial court sentenced defendant to 31 years to life, consisting of 25 years to life on the burglary conviction, a consecutive five-year term for the prior serious felony conviction (the nickel prior), and a consecutive one-year term for only one of the two prison priors.

Defendant appealed the judgment challenging the sufficiency of the evidence to support his burglary and vandalism convictions as well as the denial of his *Romero* motion.  We affirmed.  (*People v. Howard* (May 5, 2016, E063010, E063093) [nonpub. opn.] (*Howard*).)

---

[1] All further statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

2

After section 1172.75 became effective on January 1, 2022,[3] defendant was included in a CDCR list of persons in custody who were sentenced in Riverside County and considered to be eligible for resentencing relief under section 1172.75 because of a prison prior.[4]

In November 2023, the trial court struck defendant's prison prior and took the matter under submission. When the matter was called for hearing again, the court heard further arguments of the parties and pronounced its judgment. It struck the nickel prior but denied defendant's motion to strike six of his seven strikes, finding that he did not fall outside of the spirit of the "Three Strikes" law such that it would be in the interests of justice to dismiss them. The court imposed a term of 25 years to life for the residential burglary (count 1), and 364 days for the vandalism conviction (count 2), to be served in any institution and to run concurrently with the sentence imposed for count 1. It also stayed the fines and struck the fees imposed in the original judgment. Defendant noticed this appeal and we appointed counsel to represent him.

---

[3] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

[4] On our own motion, we take judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and augment the record in this case to include the CDCR list attached to those declarations. That list, dated June 16, 2022, sets forth the names of persons eligible for relief under section 1172.75 in active cases for Riverside County. Defendant's name appears on page 19 of that document.

## DISCUSSION

Defendant's counsel has filed a brief in accordance with the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 in which counsel sets forth statements of the case and the facts, and posits we are required to conduct an independent review of the record pursuant to *Wende*.

Contrary to counsel's assertion, the prophylactic procedures set forth in *Wende* (including the requirement that the reviewing court independently review the record) apply when, and only when, the defendant has a previously established constitutional right to counsel. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 224–225 (*Delgadillo*).) As our Supreme Court noted in *Delgadillo*, that court has never found that a defendant has a constitutional right to counsel to an appeal from a trial court's ruling in a case that involves an ameliorative legislative scheme affording postjudgment relief. (*Id*. at p. 228.) Accordingly, we apply the procedures set forth in *Delgadillo* in cases like the present one in which counsel files a no-issues brief in an appeal from a trial court's orders made in a section 1172.75 resentencing hearing.

Under *Delgadillo*, appointed appellate counsel who are unable to find an arguable issue in an appeal from postjudgment orders must file a brief informing the appellate court of that determination and include a concise recitation of the facts bearing on the trial court's orders. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231.) Upon receipt of the brief, the appellate court is to send a copy of it to the defendant along with a notice informing the defendant (i) of the right to file a supplemental letter or brief, and (ii) that the failure

4

to file a letter or brief within 30 days may result in dismissal of the appeal. (*Id.* at pp. 231–232.)

In this case, we sent a notice to defendant in which we cited *Delgadillo*, *supra*, 14 Cal.5th 216, alerted defendant of his counsel's no-issues brief, and advised him that this court may, but is not required, to conduct an independent review of the record. We also invited defendant to file any arguments he deemed necessary and cautioned that failure to timely file a supplemental brief might result in the dismissal of his appeal as abandoned. Defendant filed a supplemental brief in which he argues the trial court erred when it declined to strike his strike priors, and posits the order should be reversed with instructions to the court to apply the presumptions set forth in subdivision (c) of section 1385 (section 1385(c)) and to evaluate whether he is entitled to immediate release based upon his time served. We are not persuaded.

Section 1385(c) provides that, notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, unless dismissal of that enhancement is prohibited by any initiative statute. (§ 1385, subd. (c)(1).) It further provides that, in exercising its discretion to dismiss an enhancement, the court must consider and afford great weight to evidence of any of nine mitigating circumstances listed in the subdivision. (§ 1385, subd. (c)(2).)

Contrary to the claims made in defendant's supplemental brief, section 1385(c) applies only to sentence enhancements. A strike prior under the Three Strikes law is not an enhancement. (*People v. Burke* (2023) 89 Cal.App.5th 237, 244.) Accordingly, the

5

trial court was not required to consider the mitigating factors set forth in subdivision (c)(2) of section 1385 when ruling on defendant's request to strike six of his prior strikes.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.